Gary Sparling
sparling@sohalang.com
Idaho Bar # 6620
Soha & Lang, P.S.
1325 Fourth Avenue, Suite 2000
Seattle, WA 98101
Phone: (206) 624-1800
Fax: (206) 624-3585
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, an Ohio corporation,<br><br>                   Plaintiff,<br><br>    vs.<br><br>INDUSTRIAL VENTILATION, INC., an Idaho corporation; TETON WEST OF WASHINGTON, LLC, an Idaho limited liability company; AJ AND JODI OCHOA, individually and the marital community composed thereof; TERRA GOLD FARMS, INC., a Washington corporation; A&C LAND COMPANY, LLC, a Washington limited liability company; and AJ OCHOA CORPORATION, a Washington corporation,<br><br>                   Defendants. | Cause No. 1:21-cv-00401<br><br>**CIVIL CASE**<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**28 U.S.C. § 1332(a)(2)** |

Plaintiff The Cincinnati Insurance Company (hereinafter, "Cincinnati") alleges as follows:

COMPLAINT FOR DECLARATORY RELIEF– 1
CAUSE NO. 1:21-cv-00401

4825-5621-3501, v. 1

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

## I. NATURE OF ACTION

1. In this action, Plaintiff Cincinnati seeks a declaration pursuant to 28 U.S.C. § 2201(a), regarding the extent of its obligation, if any, to defend, indemnify or pay insurance benefits under a policy of insurance issued in Idaho to Defendants Industrial Ventilation, Inc. and Teton West of Washington, LLC, with respect to an underlying lawsuit, *AJ and Jodi Ochoa, et al., v. Industrial Ventilation, Inc., et al.*, U.S. District Court, E.D. Washington Case No. 18-cv-00393 (the "Underlying Suit").

## II. PARTIES

2. Plaintiff The Cincinnati Insurance Company is an Ohio corporation having its principal place of business in Fairfield, Ohio.

3. On information and belief, Defendant Industrial Ventilation, Inc. ("IVI") is an Idaho corporation having its principal place of business in Nampa, Idaho.

4. On information and belief, Defendant Teton West of Washington, LLC ("Teton") is an Idaho limited liability company having its principal place of business in Nampa, Idaho.

5. IVI and Teton are collectively referenced herein as "the Insureds."

6. On information and belief, Defendants AJ and Jodi Ochoa (the "Ochoas") are a marital community residing in Othello, Washington.

7. On information and belief, Defendant Terra Gold Farms, Inc. ("Terra Gold") is a Washington corporation having its principal place of business in Othello, Washington.

8. On information and belief, Defendant A&C Land Company, LLC ("A&C") is a Washington limited liability company having its principal place of business in Othello, Washington.

COMPLAINT FOR DECLARATORY RELIEF– 2
CAUSE NO. 1:21-cv-00401

4825-5621-3501, v. 1

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

9. On information and belief, Defendant AJ Ochoa Corporation ("Ochoa Corporation") is a Washington corporation having its principal place of business in Othello, Washington.

10. The Ochoas, Terra Gold, A&C, and Ochoa Corporation are collectively referenced herein as the "Underlying Plaintiffs."

### III. JURISDICTION AND VENUE

11. <u>Subject Matter Jurisdiction</u>.  This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because this controversy is between citizens of different states and because the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332(a).

12. <u>Personal Jurisdiction</u>.  This Court has personal jurisdiction over IVA (an Idaho corporation) and Teton (an Idaho limited liability company), both of which have their principal place of business in Nampa, Idaho.  This Court has personal jurisdiction over the Underlying Plaintiffs because, on information and belief, each of them transacted business within this state by, among other things, by contracting with and/or engaging in business with IVI and/or Teton in the State of Idaho, by agreeing that their contracts with IVI and/or Teton would be governed by Idaho law, and by asserting claims against IVI and/or Teton under Idaho law.  By so doing, the Underlying Plaintiffs purposefully availed themselves of the privilege of conducting business in the State of Idaho by, *inter alia*, reaching out beyond its state to create business relationships and obligations with IVI and/or Teton, and by agreeing that the laws of the State of Idaho would govern their relationship with IVI and/or Teton, thereby invoking the benefits and protections of this state's laws.

COMPLAINT FOR DECLARATORY RELIEF– 3
CAUSE NO. 1:21-cv-00401

4825-5621-3501, v. 1

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

13. <u>Venue</u>. Venue is properly laid in this Court because the Insureds are located in this district and, on information and belief, the Underlying Plaintiffs' were in contact with and conducted business with the Insureds in this district.

## IV.     FACTUAL ALLEGATIONS

14. On information and belief, on or about April 20, 2012, one or more of the Underlying Plaintiffs contracted with IVI for construction of a vegetable storage facility in Othello, Washington (the "2012 Building").

15. On information and belief, the contract for the 2012 Building states that the contracting party submits to the jurisdiction of the appropriate Idaho court, any legal action based on the contract will be brought in Idaho, and the contract shall be governed and construed in accordance with Idaho law.

16. On information and belief, the structure of the 2012 Building was built by Teton, and the vegetable storage systems and equipment were designed and installed by IVI.

17. On information and belief, on or about March 26, 2015, one or more of the Underlying Plaintiffs contracted with IVI for construction of a second vegetable storage facility in Othello, Washington (the "2015 Building").

18. On information and belief, the contract for the 2015 building states that the contracting party submits to the jurisdiction of the appropriate Idaho court, any legal action based on the contract will be brought in Idaho, and the contract shall be governed and construed in accordance with Idaho law.

19. On information and belief, the structure of the 2015 Building was likewise built by Teton, and the vegetable storage systems and equipment were designed and installed by IVI.

COMPLAINT FOR DECLARATORY RELIEF– 4
CAUSE NO. 1:21-cv-00401

4825-5621-3501, v. 1

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

20. In December 2018, the Underlying Plaintiffs filed the Underlying Suit against the Insureds.

21. Among other things, the Underlying Plaintiffs allege that the 2012 Building and the 2015 Building were defectively designed and constructed, and that they have experienced significant equipment breakdowns and malfunctions as a result.

22. The Underlying Plaintiffs also allege that they suffered significant crop losses following the 2015 and 2016 growing seasons, corresponding to crops that were stored in the Buildings in 2016 and 2017.

23. The Underlying Plaintiffs have produced expert declarations and reports in the Underlying Suit to support their claims for damages relating to the 2015 and 2016 growing seasons,.

24. The Underlying Plaintiffs are also seeking other damages related to the 2015 and 2016 growing seasons, including principal and interest on lease payments, additional storage and energy costs, additional labor costs, among other things.

25. Cincinnati issued Commercial General Liability Insurance to the Insureds in Policy No. CPP 366 83 94, which was in effect from April 1, 2013 to June 5, 2014 (the "Policy").

26. In pertinent part, Cincinnati's policy covers an insured's legal obligation to pay damages because of "property damage" (defined as "physical injury to tangible property" and "loss of use of tangible property that is not physically injured") that happens during the policy period and is caused by an "occurrence" (defined as "an accident").

27. Cincinnati's Policy contains additional terms, conditions, limitations and exclusions, including, without limitation:

COMPLAINT FOR DECLARATORY RELIEF– 5
CAUSE NO. 1:21-cv-00401

4825-5621-3501, v. 1

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

      a.    An exclusion for "property damage" for which an insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement, subject to certain exceptions (the "Contractual Liability Exclusion");

      b.    An exclusion for "property damage" to an insured's "work" (the "Your Product Exclusion");

      c.    An exclusion for "property damage" to an insured's "product" (the "Your Product Exclusion");

      d.    An exclusion for "property damage" to "impaired property" or property that has not been physically injured, arising out of a "defect, deficiency, inadequacy or dangerous condition" in an insured's "product" (the "Impaired Property Exclusion"); and

      e.    An exclusion for liability or damages claimed for any loss, cost or expense for the "loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal" of an insured's "product" or "impaired property" (the "Product Recall Exclusion").

28.    Cincinnati is participating with other insurers in defending the Insureds in the Underlying Suit under a full reservation of rights.

### V.    CAUSE OF ACTION FOR DECLARATORY RELIEF

29.    Cincinnati realleges the preceding paragraphs as though fully set forth herein.

30.    An actual controversy within the jurisdiction of this Court exists between Cincinnati and the Defendants regarding the existence and scope of coverage under the Policy with respect to the claims and damages alleged in the Underlying Suit.

COMPLAINT FOR DECLARATORY RELIEF– 6
CAUSE NO. 1:21-cv-00401

4825-5621-3501, v. 1

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

31. Cincinnati is entitled to a declaration regarding the extent of its obligation, if any, to defend, indemnify or pay insurance benefits with respect to the Underlying Suit because the Underlying Plaintiffs are not seeking damages from the Insureds because of any "property damage" that occurred during Cincinnati's policy period.

32. In addition, or alternatively, Cincinnati is entitled to a declaration regarding the extent of its obligation, if any, to defend, indemnify or pay insurance benefits with respect to the Underlying Suit based upon, *inter alia* and without limitation, the Contractual Liability Exclusion, the Your Work Exclusion, the Your Product Exclusion, the Impaired Property Exclusion, and the Product Recall Exclusion.

33. In addition, or alternatively, Cincinnati is entitled to a declaration regarding the extent of its obligation, if any, to defend, indemnify or pay insurance benefits for the Underlying Claims based upon the application of one or more other terms, limitations, exclusions and/or endorsements in the Policy.

34. Cincinnati is further entitled to a declaration regarding the extent of its obligation, if any, to defend the Insureds in the Underlying Suit, and a declaration as to whether Cincinnati may immediately cease and withdraw from any further defense of the Insureds in the Underlying Suit.

## VI. RESERVATION OF RIGHTS

Cincinnati reserves the right to amend its complaint to assert additional claims, allegations and/or other matters as additional facts are obtained through discovery and investigation.

COMPLAINT FOR DECLARATORY RELIEF– 7
CAUSE NO. 1:21-cv-00401

4825-5621-3501, v. 1

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

## VII. PRAYER FOR RELIEF

WHEREFORE, Cincinnati prays for the following relief:

1. For a declaration regarding the extent of Cincinnati's obligation, if any, to defend, indemnify or pay insurance benefits with respect to the Underlying Suit based upon one or more terms, conditions, limitations and/or exclusions in the Policy;

2. For a declaration regarding the extent of Cincinnati's obligation, if any, to defend the Insureds in the Underlying Suit;

3. For a declaration decreeing whether Cincinnati may immediately cease and withdraw from any further defense of the Insureds in the Underlying Suit; and

4. For such other and further relief as this Court deems just and equitable.

DATED this 8th day of October, 2021.

SOHA & LANG, P.S.

By: *s/Gary Sparling*
Gary Sparling, Idaho Bar # 6620
Email address sparling@sohalang.com
**Soha & Lang, P.S.**
1325 Fourth Avenue, Suite 2000
Seattle, WA 98101
Telephone: 206-624-1800
Facsimile: 206-624-3585
Attorneys for Plaintiff

COMPLAINT FOR DECLARATORY RELIEF– 8
CAUSE NO. 1:21-cv-00401

4825-5621-3501, v. 1

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585